# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50168
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jevon Bell,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-215-1

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jevon Bell appeals the sentence imposed for his guilty plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court applied a cross-reference, under U.S.S.G. § 2K2.1(c), to the guideline for attempted first degree murder

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under U.S.S.G. § 2A2.1(a)(1), and assessed a base offense level of 33. Bell was sentenced to a statutory maximum term of 120 months of imprisonment.

Bell argues that the district court erred by applying the cross-reference because the Government failed to make the requisite showing that he had the specific intent to kill. He does not dispute that, after getting in a physical altercation with his ex-girlfriend and beginning to drive away, he returned to the residence and began shooting a handgun in her general direction. Several shots hit the vehicle Bell's ex-girlfriend was hiding behind.

"This court reviews a district court's factual findings during sentencing for clear error and its interpretation of the Sentencing Guidelines, including its application of the cross-reference provisions of § 2K2.1(c), de novo." *United States v. Hicks*, 389 F.3d 514, 529 (5th Cir. 2004). "[F]acts relevant to sentencing must be proven by a preponderance of the evidence." *United States v. Alfaro*, 30 F.4th 514, 518 (5th Cir. 2022).

Having reviewed the record, the parties' arguments, and the applicable law, we conclude that Bell has shown no error. *See, e.g. United States v. Shaw*, 701 F.2d 367, 392 n.20 (5th Cir. 1983) (abrogation on other grounds by recognized by *United States v. Burden*, 964 F.3d 339, 345 (5th Cir. 2020); *see also United States v. Lemus-Gonzalez*, 563 F.3d 88, 92 (5th Cir. 2009) (discussing the three distinct mental states encompassed by "malice aforethought.")

The judgment of the district court is AFFIRMED.